UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY LYNN MORAN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

Civil Action No. 16-10650
Honorable George Caram Steeh
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S
APPLICATION FOR SECTION 406(b) ATTORNEY FEES [ECF NO. 21]**

**I.    INTRODUCTION**

Petitioner Diane M. Kwitoski, counsel for Plaintiff Kimberly Lynn Moran, seeks reimbursement for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act. [ECF No. 21].[1]  Specifically, the petitioner requests $9,432.00 of the $19,432.00 that the Social Security Administration (SSA) withheld from Moran's award of past-due benefits as potential attorney's fees; petitioner has requested the remaining $10,000.00 fee from the SSA for the work done at the agency level. The total $19,432.00 that petitioner requests is 25% of Moran's past-due award.

---

[1] This motion was referred to the undersigned by the Honorable George Caram Steeh. [ECF No. 22].

[ECF No. 21-2, PageID.892]. Petitioner also states that she would be reimbursing Moran the $3,500.00 she received in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. [*Id.*, PageID.886]. The Commissioner of Social Security (Commissioner) does not oppose the substance of petitioner's motion, but it asks that she be ordered to reimburse the $3,500.00 in EAJA fees. [ECF No. 23].

For the reasons set forth below, the Court **RECOMMENDS** that the petitioner's motion for § 406(b) attorney fees [ECF No. 21] be **GRANTED**, and that the she be ordered to refund the amount previously awarded under the EAJA to Moran.

## II.   BACKGROUND

Petitioner originally filed a complaint on Moran's behalf in 2013, resulting in the matter being remanded for further proceedings. [Case no. 13-13452, ECF No. 17-18]. This earlier case is the one under which the court granted the $3,500.00 in EAJA fees. On remand, Moran was again denied benefits, and petitioner filed a new complaint on her behalf in 2016. [ECF No. 1]. After the new filing, the Commissioner agreed with Moran that the ALJ had erred, and the parties stipulated to remand before a new ALJ. [ECF No. 19]. On remand, Moran received a favorable decision and was awarded the past-due benefits. [ECF No. 21-2].

**III.   ANALYSIS**

**A.**

Section 406(b) allows an attorney fee of up to 25% of past due benefits pursuant to contingency-fee agreements, but the amount must be tested for reasonableness.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).  There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall*. Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).  To avoid such windfalls, district courts are expressly authorized to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *Gisbrecht,* 535 U.S. at 808.

Courts in the Sixth Circuit have found that there is no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Parish v. Comm'r*

*of, Soc. Sec.*, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017) (quoting *Hayes*, 923 F.2d at 422).

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.... Such a result would thwart Congress's intention to assure social security claimants of good representation…. [This multiplier] provides a floor, below which a district court has no basis for questioning, under the…windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Hayes*, 923 F.2d at 422 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989)).  If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee.  *Id.*

Here, a contingency fee permits petitioner to receive 25% of the total awarded to Moran.  [ECF No. 21-4, PageID.909].  The petitioner's affidavit indicates that she worked a combined 41.49 hours for the 2013 and 2016 complaints.  [ECF No. 21-6, PageID.917].  The total amount that petitioner requests ($19,432.00) divided by 41.39 hours equates to a fee of about $468.00 per hour.  A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and that doubling

4

and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny. See *Szostek v. Berryhill*, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *adopted,* 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases). Petitioner's requested hourly fee is within the range of the standard hourly rate without any multiplier; it cannot be said that her that the amount she requests amounts to a windfall.

Of further note, the Commissioner has not contested the reasonableness of the petitioner's request, and the diligence she showed in prosecuting Moran's claim in two separate cases would belie any suggestion that the she was ineffective. Thus, petitioner's request for § 406(b) fees in the amount of $9,432.00, and her request for a combined fee of $19,432, are reasonable.

### B.

Section 406(b) attorney's fees are paid directly to the attorney-petitioner, with no regard to pre-existing debts. § 406(b)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010). Therefore, the amount of $9,432.00 should be paid directly to the petitioner out of the past due benefits. § 406(b)(1)(A). The petitioner must then refund the lesser award of attorney's fees—the $3,500.00 in EAJA fees—to Moran. *Astrue*, 560

U.S. at 595-56.

## IV. CONCLUSION

The Court **RECOMMENDS** that the petitioner's motion for § 406(b) attorney fees [ECF No. 21] be **GRANTED**, that Kwitoski be awarded $9,432.00 in attorney's fees, and be ordered to refund Moran the EAJA award of $3,500.00.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 19, 2018

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager